IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

FILED by _PG_ D.C.
DEC 1 8 2015
STEVEN M. LARIMORE
CLERK U.S DIST CT
S. D. of FLA. – MIAMI

Civil Action No. _____
(To be supplied by the court)

       DAVID GEORGE_____, Plaintiff,

v.

       JOYCE WAYMAN_____,

       JOSEPH WAYMAN_____,

       _____,

       _____,

       _____,

       _____, Defendants

       **Plaintiff Demands a Jury Trial**_____,

       _____

**COMPLAINT OF COPYRIGHT INFRINGEMENT AND DMCA VIOLATIONS FOR IMAGES PHYSICALLY REMOVED FROM PLAINTIFF**

Plaintiff David George, a private semi retired photographer sues Joyce Wayman, Joseph Wayman (brother and sister) (collectively known as the defendants) and alleges as follows:

1

## JURISDICTION

Jurisdiction is asserted pursuant to following statutory authorities:

28 U.S.C. §1331(federal question) and 28 U.S.C. § 1338(patents, copyrights, trademarks and unfair competition)

The court has personal jurisdiction over the known defendants as they reside in the district.

Venue is correct for defendants reside in the district.

## NATURE OF THE CLAIM

1. These matters arise under the United States Copyright Act of 1976, the Digital Millennium Copyright Act of 1998 and their amends.

2. The Plaintiff alleges that each Defendant is liable for:

    (a) direct copyright infringement in violation of 17 U.S.C.§§ 106 and 501; and

    (b) providing false copyright information, distributing or importing false copyright information and intentionally altered the copyright information displayed to the public in violation of 17 U.S.C.§ 1202 (a)(b)

    (c) Contributory copyright infringement

## PARTIES

3. The Plaintiff is a semi retired photographer, 2525 Arapahoe Avenue, E4-245, Boulder, Colorado 80302.

4. Joyce Ann Wayman lives at 210 W. Arbor Drive, Port St. Lucie, Fl 34952.

5. Joseph Wayman lives at 418 SW Dauphin Avenue, Port St. Lucie, Fl 34953. He has also not responded to settlement arrangements.

## JOINDER

6. Pursuant to Fed. R. Civ. P. 20(a)(2), each of the Defendants was properly joined. The details are discussed later in this complaint. The Plaintiff asserts that

   (a) each of the Defendants is jointly and severally liable for the infringement activities caused or performed by other Defendants and asks the court to declare it so;

   (b) the infringements were done repeatedly over a course of time and by a series of transactions by both parties.

   (c) there are common questions of law and fact.

## BACKGROUND FACTS

7. The Plaintiff owns the copyrights of the images.

8. The Plaintiff is the owner of the United States Copyright Registrations of the images.

9. The images have various registration numbers and dates.

10. About 30 images currently are known with the possibility of hundred based on their activities.

11. Joyce Ann Wayman removed a hard drive containing a full library of images including the images in this action spanning years that all belonged to the Plaintiff.

12. She was contacted about the images. They were to be returned. She changed her contact information. Image files were not returned.

13. She moved at least twice during the following months. One move was across country taking the copyrighted images with her.

14. She uploaded 30+ images belonging to the Plaintiff to an online sharing site. They were marked "Copyright Joyce Wayman".

15. Joseph Wayman helped her remove items and gave her full access via his IP address to hide and move the images to keep them hidden. He facilitated the infringement if not being directly involved. He also infringed on images and articles containing images.

16. Certified Mail to an address she was supposedly staying was refused and emails ignored.

17. The Plaintiff had previously attempted to visit her pages on that and other sites but was denied access by the site due to Joyce Wayman blocking the Plaintiff from seeing the images.

18. Joyce Wayman was notified about the images and requested to remove them and return the original full size files. She never responded. She moved the files to a new account on the same site under a different user name.

19. Upon the failure of Joyce Wayman to respond and to remove the images DMCA take down notices were filed. 25 notices were filed and completed with no response from Joyce Wayman. Other DMCA notices were in the process of being completed.

20. Joyce Wayman closed that account and removed over 400 images. It is not known if she currently has a new account or moved the image elsewhere as she has continued her silence.

21. Joyce Wayman also posted some of the taken images on her Facebook account along with images from years prior. The Plaintiff's images were only on the disk and his laptop which was password protected but Joyce Wayman had physical access. She posted processed images that were processed in software she did not have or knew how to use.

22. Joyce and Joe Wayman continued to download images and articles copyrighted by the Plaintiff up to the end of 2014. The final count is subject to subpoenas of some sites.

23. In the summer of 2014 they visited and downloaded articles on the Plaintiff's sites. Their computers posted the exact computer name, file name and what images/articles they had downloaded. Other sites they downloaded the Plaintiff's images and articles from require a subpoena for the records. Those sites are in excess of what was downloaded on the Plaintiff's sites.

24. Joe Wayman downloaded registered copyrighted image(s) in February of 2013.

25. Joe Wayman and Joyce Wayman downloaded over 50 copyrighted articles during the summer of 2014.

26. During the same time frame Joyce Wayman had over 350 image visits on another site that is being reviewed. Joseph Wayman also had extensive image visits on that site.

27. The customer tracking software company was sent copies and asked to verify downloads done by the defendants.

28. The software company responded that they were "definitely downloading".

29. Analytics also helped to confirm the visits and activity over about two and a half years.

30. Both defendants were sent notices to stop and that legal action would be taken.

31. Settlement options for Joe Wayman were rejected with no response.

32. Joyce Wayman has not responded to any attempts to resolve the issue.

33. Joyce Wayman is currently involved in another Copyright Infringement case not related to this case or images.

## FIRST CLAIM FOR RELIEF
(Direct Infringement)

34. The Plaintiff incorporates the allegations in the foregoing paragraphs.

35. The Plaintiff is the owner of the Registrations for the original images.

36. The Plaintiff did not authorize, permit or provide consent to the defendants to copy, reproduce, redistribute, perform, take or display the images.

37. In the foregoing results each defendant violated the Plaintiff's exclusive right to

    (A) Reproduce the images in copies, in violation of U.S.C. §106(1) and §501;

    (B) Redistribute copies of the images to the public by sale or other transfer of ownership or by leasing or licensing in violation of 17 U.S.C. § 106(3) and 501;

    (C) Display the copyrighted images in violation of U.S.C.§106(5) and §501 and 17 U.S.C.§ 101 definition of publicly display.

38. Each of the defendants committed copyright infringement "willfully" within the context of U.S.C. § 504(2).

39. The defendants' misconduct offends public policy and deceives the public as to the ownership of the images in violation of 17 U.S.C. § 1202(a) (1) (2) and U.S.C. §1202(b) (1-3).

40. The Plaintiff requests the Court:

(A) order that each defendant delete and permanently remove the images relating to the Plaintiff's copyrighted images from each of the computers, websites, pads, cell phones or other storage devices like CDs, DVDs or memory sticks owned, controlled, possessed, given to others or in their custody and any copy of the disk images without concern of who has custody of the drive with the exception of the original taken disk

(B) award the Plaintiff either actual damages and any profits from each Defendant pursuant to 17 U.S.C. § 504(a) (b) or statutory damages in the amount of $ 2500.00 per image per violation pursuant to 17 U.S.C. § 504(a) (c) plus statutory damages in the amount of $ 50,000 per image for two violations each image pursuant to 17 U.S.C. § 1203(c) (3) whichever is greater. Award willful copyright infringement damages from Joe Wayman for the images he downloaded in addition in the amount $35000.

(C) award the Plaintiff all reasonable fees and costs

(D) grant the Plaintiff any and all other and further relief the Court deems just and proper.

## SECOND CLAIM FOR RELIEF

(DMCA Violations)

41. The Plaintiff incorporates the allegations in the foregoing paragraphs.

7

42. The Plaintiff is the owner of the Registrations for the original images.

43. The Plaintiff did not authorize, permit or provide consent to the defendants to copy, reproduce, redistribute, perform, take or display the images.

44. Each of the defendants committed copyright infringement "willfully" within the context of U.S.C. § 504(c) (2).

45. The defendants' misconduct offends public policy and deceives the public as to the ownership of the images in violation of 17 U.S.C. § 1202(a) (1) (2) and U.S.C. §1202(b) (1-3).

46. In the foregoing results each defendant violated the Plaintiff's exclusive right to

    (A) Reproduce the images in copies, in violation of U.S.C. §106(1) and §501;

    (B) Redistribute copies of the images to the public by sale or other transfer of ownership or by leasing or licensing in violation of 17 U.S.C. § 106 and 501;

    (C) Display the copyrighted images in violation of U.S.C.§106 and §501 and 17 U.S.C.§ 101 definition of publicly display.

47. award the Plaintiff either actual damages and any profits from each Defendant of the images pursuant to 17 U.S.C. § 504(a) (b) or statutory damages in the amount of $ 2500.00 per image per violation pursuant to 17 U.S.C. § 504(a) (c) plus statutory damages in the amount of $ 50,000 per image for two violations of each image pursuant to 17 U.S.C. § 1203(c) (3) whichever is greater.

    (A) award the Plaintiff all reasonable fees and costs

    (B) grant the Plaintiff any and all other and further relief the Court deems just and proper.

## THIRD CLAIM FOR RELIEF

(Contributory Infringement)

48. The Plaintiff incorporates the allegations in the foregoing paragraphs.

49. The Plaintiff is the owner of the Registrations for the original images.

50. The Plaintiff did not authorize, permit or provide consent to the defendants to copy, reproduce, redistribute, perform, take or display the images.

51. Each defendant knew or should have known that all or some of the other defendants in the chain were directly infringing the images by using the original works.

52. Each defendant directly participated in and therefore materially contributed to each other defendant's infringing activities.

53. Each of the defendants committed copyright infringement "willfully" within the context of U.S.C. § 504(c) (2).

54. The defendants' misconduct offends public policy and deceives the public as to the ownership of the images in violation of 17 U.S.C. § 1202(a) (1) (2) and U.S.C. §1202(b) (1-3).

55. The Plaintiff requests the Court:
(A) order that each defendant delete and permanently remove the images relating to the Plaintiff's copyrighted images from each of the computers, websites, pads, cell phones or other storage devices like cd's or memory sticks owned, controlled, possessed, given to others or in their custody with the exception of the taken disk and any copy of the disk images without concern of who has custody of the drive.

       (1) order defendant Joyce Wayman to produce the images she removed from the custody of the Plaintiff no matter what method or device was used.

       (2) upon failure to produce the images or by claiming their destruction the Plaintiff asks the Court to declare the defendants in violation of a court order and guilty of willful copyright infringement of the missing images and the willful destruction of personal property.

(B) award the Plaintiff either actual damages and any profits of the images pursuant to 17 U.S.C. § 504(a) (b) or statutory damages in the amount of $ 2500 per image per violation pursuant to 17 U.S.C. § 504(a) (c) plus statutory damages in the amount of $ 5,000 per image for two violations each pursuant to 17 U.S.C. § 1203(c) (3) whichever is greater.

(C) award the Plaintiff all reasonable fees and costs

(D) grant the Plaintiff any and all other and further relief the Court deems just and proper.

## REQUEST FOR RELIEF

56. Plaintiff requests the following relief:

57. The Plaintiff respectfully requests that this Court enters judgment against Defendants:

    (A). Finding that each defendant is jointly and severally liable for direct copyright infringement for each other Defendant.

    (B). find that multiple copyright violations occurred as the images were moved from one account to another to hide the images.

(B). awarding the Plaintiff either actual damages and any profits made by each defendant pursuant to 17 U.S.C. § 504 (a) (b) or statutory damages in the amount of $2500.00 per image per violation pursuant 17 U.S.C. § 504(a) (c) whichever is greater:

(C) award the Plaintiff statutory damages in the amount of $ 5,000 per image for two violations each for DMCA Copyright Management 17 U.S.C. § 1203(C) (3)

(D). require defendant Joyce Ann Wayman to produce the uncompromised original image files from whatever media including the removed portable hard drive, any computer owned or used by Ms Wayman or her brother and whomever she shared the images she removed to allow the images to be recovered. Upon any failure to produce or having destroyed the images find the defendant guilty of willful infringement for all images on disk including all images of the house and willful destruction of personal property with damages assessed at that time.

> 1) award additional damages from Joe Wayman concerning the downloaded registered copyrighted images in the amount of $35000.

(E). awarding the Plaintiff reasonable fees and costs

(F). granting the Plaintiff any and all further relief the Court deems just and proper.

**The Plaintiff hereby demands a trial by jury on all issues so triable.**

Date: 12/10/2015

_____
(Plaintiff's Original Signature)

2525 Arapahoe Avenue, E4-245
(Address)

Boulder, Co 80302
(City, State, ZIP)

303-547-2031
(Telephone Number)

dlgeorge1@gmail.com

(Email)



David Cooper
2605 Alhambra Ave
#1-403
Boulder, CO 80302



Office of The Clerk
U.S. District Court Southern Florida
400 N Miami Ave
Miami, FL 33128