UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-14435-CIV-MARTINEZ/LYNCH

DAVID GEORGE,

    Plaintiff,

v.

JOYCE ANN WAYMAN AND
JOSEPH WAYMAN,

    Defendants.

_____/



FILED by _____ D.C.

JUN 10 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## SECOND REPORT AND RECOMMENDATION ON DEFENDANTS' MOTIONS TO DISMISS (DE 15 & 16)

THIS CAUSE comes before this Court upon an Order of Reference (DE 9) and the above Motions. Having reviewed the Motions to Dismiss and all relevant responsive pleadings, this Court recommends as follows:

1. This is this Court's second Report and Recommendation on the Defendants' Motions to Dismiss. This Court vacated its first Report and Recommendation upon the Defendants' request for leave to file a Reply. This Court granted that request. After Defendants filed their joint Reply, this Court instructed the Plaintiff to file a Sur-Reply. This Court gave the Plaintiff extra time to do so to accommodate the Plaintiff's pro se status and use of regular mail. The deadline for the Sur-Reply---May

27, 2016---now has passed. This Court takes into consideration[1] the full record to-date. This Court re-considers the Defendants' Motions to Dismiss and the Plaintiff's Responses (DE 25 & 26). This Court considers the Defendants' Reply (DE 30), the Settlement Agreement[2] from the prior lawsuit filed under seal at DE 33, and the Plaintiff's Sur-Reply (DE 41). This Court considers the Plaintiff's additional filings at DE 36 and DE 40.

2. The Plaintiff is suing Joyce Ann Wayman and her brother, Joseph Wayman, in this Court in the Southern District of Florida under three theories of copyright infringement. The lawsuit concerns various digital photographs of the Plaintiff's including photos the Plaintiff says that Defendant, Joyce Wayman, wrongfully took from a hard drive and photos that she with the help of her brother wrongfully downloaded.

3. This is not the first lawsuit that the Plaintiff has brought over his digital photos. The Plaintiff previously sued Joyce Wayman (and other third parties) in the United States

---

[1] Although this Court reviews all of the filings that the parties have submitted to-date, this Court is mindful of the standard of review. This Court makes no findings of fact and gives no particular weight or relevance to any of the filings (except for filings in the other court for which judicial notice is appropriate). This Court only reviews them to the extent they lend insight into how the instant Florida lawsuit relates to the prior Colorado lawsuit.

[2] This Court filed the Settlement Agreement under seal in order to preserve its confidentiality. This Court quotes from it here in this Report and Recommendation only to the extent necessary for the required legal analysis.

District Court of Colorado. The Plaintiff brought that lawsuit on June 19, 2015. Upon the parties' private settlement of that lawsuit, the Colorado District Court dismissed the lawsuit on December 28, 2015. Eighteen days before the Colorado District Court dismissed that lawsuit, the Plaintiff had filed the instant lawsuit in this Court. Given this procedural history, the Defendants move to dismiss the instant Florida lawsuit on res judicata grounds. The Plaintiff disputes that the instant Florida lawsuit is sufficiently similar to the Colorado lawsuit for res judicata to apply.

4.   To determine the degree to which the two lawsuits interrelate, this Court considers the time line of events that the parties' filings suggest. This Court begins with the correspondence that Joyce Wayman sent Florida's Attorney General on January 7, 2016 (and found at DE 30-4). That correspondence shows that from early 2010 until May 2012, the Plaintiff and Ms. Wayman ran a photography business together. That business endeavor ended in May 2012, and their relationship soured and became acrimonious. This is confirmed by the Plaintiff's filings and assertions. He alleges that beginning in May 2012, Ms. Wayman took a hard drive of his, a hard drive that contained tens of thousands of his photos. He immediately informed her that the hard drive contained his photos and he requested the

photos' return. Ms. Wayman immediately responded by denying knowledge of the photos (she was using the hard drive for her music) and agreeing to their return.

5. This Court now has before it the Complaint that the Plaintiff filed in the Colorado District Court (found at DE 30-1). The Colorado lawsuit, which the Plaintiff brought in June 2015, concerned the Plaintiff's allegation that Ms. Wayman and other third parties wrongfully used photos of his in the real estate listings for the sale of Ms. Wayman's house. That particular issue does not remain in dispute. What does remain in dispute is the Plaintiff's allegations about the hard drive. In his Colorado District Court Complaint, the Plaintiff also complained that Ms. Wayman had "physically removed a hard drive from the Plaintiff's control which contained thousands of images belonging to the Plaintiff in May of 2012." He complained that she had not yet returned the hard drive despite earlier promises to return it or the photos saved to it. The Plaintiff requested relief in the form of ordering Ms. Wayman "to produce the uncompromised hard drive she removed to allow the images to be recovered."

6. The Plaintiff argues that his Colorado lawsuit was limited in scope and did not concern all of his copyright infringement allegations. Both the Colorado Complaint and the

parties' Settlement Agreement reflect an attempt to demarcate separate disputes. In his Complaint the Plaintiff says that Ms. Wayman "is one of the defendants of another copyright infringement case yet to be filed in this court for multiple images not related to this action." However the Plaintiff does not describe the nature of this purported additional dispute. The Settlement Agreement differentiates between the "Litigation" dispute and a separate "Hard Drive Dispute" which concerned "the ownership of a certain external hard drive (the "Wallet Drive")". This Court notes that the Plaintiff brought his Florida lawsuit shortly before concluding the Colorado lawsuit. To an extent this supports the Plaintiff's argument that the Colorado lawsuit was not comprehensive or global in reach.

    7.    That is not the end of the matter, however. While there is indication that the Plaintiff intended to pursue different disputes separately, the plain language of the Settlement Agreement shows that the Plaintiff nonetheless released both his "Litigation" and "Hard Drive Dispute" claims. The Plaintiff agreed to release "claims related to the Hard Drive Dispute existing as of the date of this Agreement." Also exempt from the release are "any claims arising under Title 17 of the United States Code (Copyright), or to disputes between persons not Parties to this Agreement." The Settlement Agreement

obliged Ms. Wayman to take certain actions including tendering the Wallet Drive to the Plaintiff.

8. The Complaint that the Plaintiff filed here in Florida (shortly before the execution of that Settlement Agreement) primarily concerns the hard drive issue and the dispute over it going back to May 2012. Although the Plaintiff argues at length that his Florida Complaint raises a new dispute, this Court simply sees no difference between the hard drive dispute that he raises here and the one that he raised in his Colorado lawsuit and that was subject of the Settlement Agreement. While the Plaintiff argues at length that the Settlement Agreement leaves him free to pursue the hard drive-related claims before this Court, the plain language of the Settlement Agreement contradicts that assertion.

9. The Defendants argue that this similarity invokes the principle of res judicata. The Defendants argue that the claims for relief that the Plaintiff raises here in Florida are either the same as the ones he raised in Colorado or are claims that he could have raised in the Colorado litigation. Regarding the claims that the Plaintiff raises against Mr. Wayman, he argues that he is in sufficient privity with Ms. Wayman that res judicata applies to him, as well, even though he was not party to the Colorado lawsuit.

10. Res judicata is not the best lens through which to view the issue over the instant Florida lawsuit's similarity and interrelatedness with the prior Colorado lawsuit. The issue is less one of res judicata and more one over Settlement Agreement compliance. The Plaintiff therefore shall return to his Colorado litigation and raise <u>all</u> of his hard drive-related claims there. That way, the parties' disputes that relate to the hard drive can be judged in terms of compliance with the Settlement Agreement. That is, either in terms of how the Settlement Agreement resolved those claims (akin to the Defendants' present request for res judicata relief) or in terms of compliance with the obligations created by that Settlement Agreement. If there are any hard drive-related claims that exist independently of the Settlement Agreement, the Plaintiff fails to explain how so. The simplest approach therefore is to dismiss all of the Plaintiff's hard drive-related claims that he is raising now in this Florida lawsuit without prejudice to him returning to his Colorado lawsuit where he can raise them in terms of breach of the Settlement Agreement.

11. Next is the possibility that the Plaintiff raises new and different acts of copyright infringement. The Plaintiff alleges that both Defendants downloaded copyrighted images and articles from the Plaintiff's websites and from third party

websites. He alleges this downloading activity to have occurred between February 2013 and the end of 2014. In his Response (DE 25) he asserts that "the current claim against Mr. Wayman is for images he downloaded personally from the Plaintiff's websites" and that "this claim includes images and articles downloaded that are not located on the disk as they were done while the disk was in his or the other defendant's control." This downloading activity by both Defendants is not the focus of his Florida lawsuit, this Court points out. Moreover it concerns acts that predate both the Settlement Agreement and the Colorado lawsuit. This raises the potential that they are not bona fide new disputes. The pleadings are unclear as to this point, and therefore the possibility remains that this part of the Florida lawsuit might state truly new claims for relief. This Court therefore sees reason to give the Plaintiff leave to amend his Florida Complaint so that he may separate out these allegations and plead them separately. That is, if they are in fact bona fide new claims for relief, separate and apart from what the Colorado lawsuit and Settlement Agreement addressed.

**ACCORDINGLY**, this Court recommends to the District Court that the Defendants' Motions to Dismiss (DE 15 & 16) should be **GRANTED** albeit for different reasons. This Court recommends that the Plaintiff's Complaint (DE 1) be **DISMISSED** without prejudice

with respect to all hard drive-related claims. This Court recommends that all of his hard drive-related claims be dismissed from this Florida lawsuit without prejudice to him being able to raise them in the Colorado lawsuit in terms of breach of the Settlement Agreement. This Court recommends that the Plaintiff's Complaint be **DISMISSED** without prejudice to him filing an Amended Complaint in this Florida lawsuit where he may raise any bona fide new and different copyright infringement claims that fall outside the scope of the Settlement Agreement and the subject matter of the Colorado lawsuit. This means any claims that do not concern the hard drive (or the real estate listings). The Plaintiff shall plead his Amended Complaint in detail to make clear how his new claims differ from the Colorado litigation. This Court recommends that the Plaintiff be given twenty-one (21) days to file the Amended Complaint[3].

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case. Failure to file timely objections shall bar the parties from a de novo determination by the District Court of the issues covered in this Report and

---

[3] Consistent with this Court's prior instructions, the Plaintiff shall make sure that the Amended Complaint, should he decide to file one, be submitted in time for the Clerk of Court to docket it by the given deadline.

Recommendation and bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745, 749-50 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 10 day of June, 2016.

FRANK J. LYNCH, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Hon. Jose E. Martinez
   Joseph V. Priore, Esq.

   David George, pro se
   2525 Arapahoe Ave. E4-245
   Boulder, CO  80302