UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 15-14435-CIV-MARTINEZ/LYNCH

DAVID GEORGE,

    Plaintiff,

v.

JOYCE ANN WAYMAN AND
JOSEPH WAYMAN,

    Defendants.
_____/

FILED by _____ D.C.
DEC 15 2016
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION FOR ATTORNEY FEES AND NON-TAXABLE EXPENSES (DE 58)

**THIS CAUSE** comes before this Court upon an Order of Reference (DE 60) and the above Motion. Having reviewed the Motion, noting that the Plaintiff files no Response to it despite ample time to do so, this Court recommends as follows:

1. As this Court discusses in its Second Report and Recommendation (DE 47), the Plaintiff filed this lawsuit against the Defendants raising "three theories of copyright infringement. The lawsuit concerns various digital photographs of the Plaintiff's including photos the Plaintiff says that Defendant, Joyce Wayman, wrongfully took from a hard drive and photos that she with the help of her brother wrongfully downloaded." Confusing the matter was the prior litigation and Settlement Agreement between the Plaintiff and Ms. Wayman that happened in Colorado. This Court recognized the Plaintiff's

efforts to keep separate his different claims for relief against Ms. Wayman and those connected to her. It remained nevertheless unclear exactly where those divisions lay. There still was a significant degree of overlap.

2. In its Second Report and Recommendation this Court recommended the procedural solution to this confusion of dismissing all of his claims for relief without prejudice. This Court recommended that the Plaintiff be given leave (1) to raise some of his claims in the Colorado litigation and (2) for those claims of relief that were truly new and distinct from the prior litigation, leave to raise them here in this case in an Amended Complaint. In its Order at DE 56, the District Court adopted that Second Report and Recommendation. The District Court gave the Plaintiff leave "to file an Amended Complaint in this action where he may raise any bona fide and different copyright infringement claims that fall outside the scope of the Settlement Agreement and the subject matter of the Colorado lawsuit." The "failure to file an Amended Complaint", the District Court cautioned, would "result in the immediate final dismissal of this action."

3. The Plaintiff did not file an Amended Complaint. Consequently, by way of its Order at DE 59, the District Court dismissed this case without prejudice and closed this case. On

the basis of that ruling, the Defendants now move for attorney fees and expenses pursuant to 17 U.S.C. § 505. That statute permits an "award [of] a reasonable attorney's fee to the prevailing party" as well as "the recovery of full costs". The Defendants seek a fee and expense award of $6,153.06, and the Defendants assert that that amount is fair and reasonable under the lodestar standard.

4. The dispositive issue here is whether the Defendants enjoy "prevailing party" status needed to shift their fees and costs. Assuming that the Plaintiff does have copyright infringement claims for relief that are not subject to res judicata or the prior Settlement Agreement, no decision on the merits of those new claims for relief has been reached yet. It is true that this case is now closed. However that was done as a matter of procedural default. Technically speaking the Plaintiff is not estopped from raising those claims for relief again in some other lawsuit. The Plaintiff's filing at DE 55, this Court adds, suggests that the Colorado lawsuit became active again. This raises the possibility that the Plaintiff is pursuing his copyright infringement claims for relief there. Under these circumstances this Court finds the Defendants to lack the prevailing party status needed for 17 U.S.C. § 505 purposes. See, e.g., Nebus Family Ltd. Partnership v. Newmar Corp., 2011

WL 882083 (M.D.Fla. 2011). To the extent the Defendants could be said to have prevailing party status, this Court in the exercise of the discretion that 17 U.S.C. § 505 gives it would find the circumstances not to justify the award that the Defendants are requesting.

**ACCORDINGLY**, this Court recommends to the District Court that the Defendants' Motion (DE 58) be **DENIED**.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case. Failure to file timely objections shall bar the parties from a de novo determination by the District Court of the issues covered in this Report and Recommendation and bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745, 749-50 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 15th day of December, 2016.

_____
FRANK J. LYNCH, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Hon. Jose E. Martinez
    Joseph V. Priore, Esq.

    David George, pro se
    2525 Arapahoe Ave., E4-245
    Boulder, CO  80302